NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 7, 2007[*]
Decided November 20, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4160

| | |
|---|---|
| DAVID DOGGETT, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division |
| *v.* | |
| | No. 05 C 2495 |
| COOK COUNTY and CYNTHIA PRZISLICKI, | |
| | Amy J. St. Eve, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

In this lawsuit under 42 U.S.C. § 1983, David Doggett claims that his former employer fired him for exercising his First Amendment rights. The district court granted summary judgment in favor of the defendants. Doggett appeals, and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

We construe the facts in the light most favorable to Doggett. *See Healy v. City of Chicago*, 450 F.3d 732, 738 (7th Cir. 2006). In 1992 Cook County, a governmental entity and thus one whose employees enjoy First Amendment rights, hired Doggett to work as an emergency room technician (ERT) at its hospital. Doggett's responsibilities included monitoring and transporting patients within the hospital. In 2003 Doggett became a union steward and was responsible for reporting grievances and complaints to Cook County on behalf of other ERTs. In May 2004 Doggett sent the director of emergency nursing, Cynthia Przislicki, a memo informing her that certain patients had been taken to the wrong treatment area in the emergency room. The following month he sent Przislicki two more memos: in the first Doggett complained of scheduling conflicts for ERTs, and in the second he alleged that various staff members were not complying with a hospital policy regarding transporting patients. In September 2004 Doggett sent his final memo to Przislicki, complaining about a lack of confidentiality for patients in the triage area. According to Doggett, one of his supervisors, Roger Farquharson, told him he "was upsetting a lot of people with his memos."

In December 2004 a patient that Doggett was responsible for monitoring reportedly absconded from the hospital. According to Farquharson, Doggett had negligently left the patient unattended. Farquharson also reported that Doggett admitted to having gone to the patient's home to retrieve him, an action that violated Cook County's policies. Doggett, on the other hand, argued that the patient never left his care and that the entire incident was fabricated. After conducting a discharge hearing, Cook County accepted Farquharson's version and fired Doggett.

Doggett then initiated this action, arguing that Cook County and Przislicki retaliated against him because of his memos. Doggett also raised state-law claims alleging breach of contract and promissory estoppel. After discovery closed, the defendants moved for summary judgment, arguing that Doggett's speech was not protected activity and that he presented no evidence connecting it to his firing. In granting the motion, the district court did not decide whether the memos were protected speech, but found that Doggett could not show that his speech was a motivating factor in the decision to terminate his employment.

On appeal Doggett, who was represented by counsel in the district court but now proceeds pro se, challenges only the district court's grant of summary judgment on his First Amendment claim. We review the district court's grant of summary judgment de novo. To survive summary judgment, Doggett had to present evidence from which a jury could conclude that his speech was protected by the First Amendment and that it was a motivating factor in his firing. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 925 (7th Cir. 2007). The Supreme Court has held that public employees are entitled to First Amendment protection when they speak as "citizens about matters of public concern." *See Garcetti v. Ceballos*, 126 S. Ct. 1951,

1958 (2006) (citing *Connick v. Myers*, 461 U.S. 138 (1983)). But if the speech is part of the employee's official duties, the First Amendment will not shield the employee from discipline. *See Garcetti*, 126 S. Ct. at 1959-62.

Here, at least one of Doggett's memos concerned aspects of patient care, such as privacy and confidentiality, that were not part of his official duties. Unlike in *Garcetti*, where the petitioner wrote his memorandum as part of his official duties as a prosecutor, *see id.* at 1955-56, nothing in the record suggests that reporting perceived errors in the hospital's administration is part of an ERT's official duties. *Compare Fuerst v. Clarke*, 454 F.3d 770, 774 (7th Cir. 2006) (noting that deputy sheriff's public criticism of the sheriff was covered by First Amendment) *with Sigsworth v. City of Aurora, Illinois*, 487 F.3d 506, 507-08 (7th Cir. 2007) (concluding that investigator's report about misconduct within his task force was part of his official duty). Therefore, at least some of Doggett's speech may be protected by the First Amendment.

But even if his speech was constitutionally protected, we agree with the district court that Doggett presented no evidence linking his firing to his speech. According to Doggett, Farquharson warned him that he "was upsetting a lot of people with his memos" roughly three months before the incident that led to his being fired. As an initial matter, we previously have held that a three-month gap between a protected activity and an employee's termination negates an inference of retaliation. *See Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 711 (7th Cir. 2002). Additionally, we have noted that statements like Farquharson's are probative of retaliatory intent only if they are "both made by the decisionmaker and related to the employment decision at issue." *See Fyfe v. City of Fort Wayne*, 241 F.3d 597, 602 (7th Cir. 2001) (internal citations omitted). Here Przislicki—not Farquharson—was responsible for terminating Doggett's employment, and she did so because he reportedly allowed a patient to abscond from the hospital. Doggett alleges that Farquharson concocted the story about the patient; he further contends that an affidavit purportedly written by that patient's wife supports his version of events. But our review of the district court's docket reveals that Doggett never presented the court with this affidavit, nor has he provided it to us. As such, Doggett presented no support for his claim that he was fired because of his memos. *See Horwitz v. Bd. of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 618-19 (7th Cir. 2001) (noting plaintiff's lack of evidence that speech was a motivating factor in her firing).

Doggett's claim that Cook County had a custom or policy that deprived him of his First Amendment rights also fails. *See Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 468 (7th Cir. 2001). Even assuming Cook County deprived him of his First Amendment rights, Doggett provided no evidence that it had a policy or custom of doing so. Instead, Doggett merely asserts in his brief, without further

explanation, that "even one decision by Przislicki, if she were a final policymaker, would render her decision County policy." But he presented no evidence establishing that Przislicki is a "final policymaker" or an actor with authority to establish policies for Cook County. *See id.* Accordingly, we conclude that the district court properly granted summary judgment to the defendants.

AFFIRMED.